IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TOBY LYNN WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:22cv85 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Petitioner Toby Williams, proceeding *pro se*, filed this petition styled as a Rule 60(b) motion for relief from judgment, complaining of a judgment of conviction from the state district court in Panola County, Texas. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Williams was convicted of capital murder and was originally sentenced to death, but this conviction was reversed based upon the conclusion that an instruction on mental retardation should have been given. *See Ex Parte Williams*, 833 S.W.2d 150, 152 (Tex.Crim.App. 1992). On January 5, 1993, he pleaded guilty to murder pursuant to a plea agreement and received a life sentence.

Some seventeen years later, on May 20, 2010, Williams filed an application for habeas corpus relief in state court complaining of parole and mandatory supervision issues. This was denied on July 28, 2010. On October 8, 2010, Williams filed an application for federal habeas corpus relief primarily complaining of the state habeas court's actions. This federal petition was denied on February 16, 2011. *Williams v. Director, TDCJ-CID*, civil action no. 6:109cv537 (E.D.Tex.).

After another eight years passed, Williams filed a second habeas petition, this time challenging his conviction. The district court determined that this petition was successive because the issues were available to Williams and could have been raised in his prior petition, citing *Propes v. Quarterman*, 573 F.3d 225, 227 (5th Cir. 2009) (where petitioner sought federal habeas corpus relief concerning his conviction after having filed a habeas petition regarding a prison disciplinary matter, the second habeas petition was successive because the claims could have been raised in his prior petition) *and Reed v. Quarterman*, slip op. no. 07-10045, 2007 U.S. App. LEXIS 19783, 2007 WL 2436206 (5th Cir., August 20, 2007) (same). Consequently, the district court dismissed Williams' petition as successive on August 29, 2019, noting that Williams could refile upon securing permission from the Fifth Circuit to file a successive petition under 28 U.S.C. §2244(b)(3).

Williams did not appeal this dismissal. On July 16, 2021, he filed a motion in the Fifth Circuit seeking leave to file a successive petition. He did not attach a copy of his proposed petition to the motion, and the Fifth Circuit ordered him to do so. Williams sought and was granted an extension of time to comply but did not do so, and his motion for leave to file a successive petition was denied on September 27, 2021. *In re: Toby Williams*, slip op. no. 21-40540 (5th Cir., dismissed September 27, 2021).

On February 14, 2022, Williams filed the present petition. He argues that under Fed. R. Civ. P. 60(b)(4), if a judgment is void, relief from it should be granted, and there is no time limit for an attack on a void judgment.

Williams contends that the State of Texas has the responsibility to only prosecute offenses within the state, and there is no evidence to substantiate that a murder occurred in his case in Panola County. He says that he was originally charged with capital murder after being arrested in Louisiana, and the "extenuating circumstance attributable to upgrading the charge to capital murder is kidnapping." Assuming his case involved transporting the victim across state lines, Williams says this would fall under the Federal Kidnapping Act, 18 U.S.C. §1201. From this, he reasons that any evidence that the victim died in Louisiana would "eradicate the charges of kidnapping because the

2

charge of kidnapping a body does not exist." Thus, he contends that "under these extraordinary circumstances, the charges of murder would not exist in Texas."

Williams next argues that the prosecutor's office was guilty of abduction, apparently as a result of extradition procedures, and that the prosecutor committed fraud upon the Governor of Texas for purposes of acquiring a judgment that does not exist. He states that the prosecutor sought to prevent an investigation into a Louisiana medical examiner conducting an autopsy despite allegations that a death had occurred in Texas.

Williams asserts that the Texas court lacked jurisdiction because a charge of murder cannot be brought in Texas for a death occurring in Louisiana. He says that the prosecutor "used Petitioner's own birth certificate to bond the case instead of his own bond because he knew he wold knowingly and intentionally contribute to petitioner's injury and for the purpose of creating a financial stream at Petitioner's expense. He claims all of these acts deprived the court of subject matter jurisdiction.

Williams states that "at this juncture, Petitioner is not filing a tort claim or §1983 and seek that the Court do not misconstrue his Rule 60(b) motion as such. Neither misconstrue it as a writ of habeas corpus. Petitioner is aware of the difference." He says that he is "not challenging a prior merits-based ruling," citing *Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010) and asserts that his sentence is void.

**II. Discussion**

Although Williams styles his petition as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, he seeks relief from the judgment of a state criminal court. The Federal Rules of Civil Procedure do not apply to state courts, nor do they apply in criminal cases. *See* Fed. R. Civ. P. 1; *Crocker v. Stephens*, civil action no. 4:15cv1433, 2015 U.S. Dist. LEXIS 162067, 2015 WL 7871354 (S.D.Tex., December 3, 2015) (rejecting application of Fed. R. Civ. P. 59 to a state criminal case). Thus, to the extent Williams seeks relief under Fed. R. Civ. P. 60(b), his request is without merit. The *Balentine* decision which Williams cites concerned a Rule

60(b) motion challenging a previous decision by the federal district court - not a state court - and is thus inapplicable here.

Because Williams challenges the validity of his state criminal conviction, referring to it as "void," his petition is properly construed as an application for the writ of habeas corpus, the sole available remedy for challenges to the length or validity of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

However, Williams has previously sought habeas corpus relief in a petition in which he could have raised these claims, and his present petition is therefore successive. The Fifth Circuit has explained that a second or subsequent habeas petition is successive when it (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or (2) otherwise constitutes an abuse of the writ. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The fact that Williams' first habeas petition concerned parole issues rather than the validity of his conviction is of no moment. In both *Propes* and *Reed*, the petitioner sought federal habeas corpus relief concerning a prison disciplinary matter. When he later sought federal habeas corpus relief concerning his conviction, the Fifth Circuit held that the petition was successive because the claims could have been raised in the prior petition.

Williams could have raised his claims concerning his allegedly void conviction in his first habeas petition, rendering the present one successive. As a result, he must obtain permission from the Fifth Circuit Court of Appeals to file it. 28 U.S.C. §2244(b)(3); *Crone*, 324 F.3d at 836. As noted above, Williams filed a motion for authorization to file a successive petition, but the proceeding was dismissed by the Fifth Circuit. Because Williams has not obtained leave to file a successive petition, the district court lacks jurisdiction to consider his claims, and the present petition must be dismissed. *Crone*, 324 F.3d at 836.[1]

---

[1] Consequently, the Court has no occasion to consider whether Williams' claims are barred by the statute of limitations set out in 28 U.S.C. §2244(d).

### III. Conclusion

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

In order to obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Williams has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the Court lacks jurisdiction because he has not shown that he has obtained leave from the Fifth Circuit to file a successive petition. For this reason, he is not entitled to a certificate of appealability.

### RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. 28 U.S.C. §2244(b)(3). The

dismissal of this petition should have no effect upon Williams' right to seek permission from the Fifth Circuit to file a second or successive petition. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and likewise having no effect upon Williams' right to seek permission from the Fifth Circuit to file a successive petition. To the extent that Williams seeks to proceed under Fed. R. Civ. P. 60(b), it is recommended that the case be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 27th day of April, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE